GRACE DUNN, Plaintiff, v. NATIONAL CASUALTY COMPANY, Defendant.

Second Department, July 1, 1938.

*Hyman Finkelson* [*Joseph L. Bacotti* with him on the brief], for the plaintiff.

*Otho S. Bowling*, for the defendant.

HAGARTY, J. Plaintiff is the beneficiary under an accident policy, issued by defendant, insuring the life of her son, Thomas Dunn, in the sum of $500 in the event that his death occurred " By the burning of any church, theatre, library, school or municipal administration building in which the insured shall be at the beginning of such fire, and is burned by such fire or suffocated by the smoke therefrom, but this clause shall not apply to nor cover the insured while acting as a watchman, policeman, or a volunteer or paid fireman."

The insured, at the time of the occurrence of the fire that caused his death, was an enrollee at Camp A-6 of the United States Civilian Conservation Corps, 282d Company, located at Carthage, N. Y. He was assigned to duty as a night watchman and was quartered in a building designated as a " Recreation Building," which was part of the camp. This building contained a basketball court in the center, two rooms in the north wing, one of which was the insured's quarters and the other was used for the purpose of developing and printing pictures, and in the south wing were a camp exchange and quarters for two other men.

This building caught fire early in the morning of the 17th day of March, 1937, at a time after the insured's hours of duty as a

night watchman had ended and after he had retired to his quarters in the building. The insured was asleep at the time the building began to burn and did not awaken until the fire had progressed to such an extent that escape was impossible. The building was entirely destroyed.

The question here is whether or not the building was one of those enumerated in the policy. The clause excluding liability from the coverage of the policy if the insured came to his death while acting as a watchman has no application here, as the duties of the insured as watchman had terminated prior to the commencement of the fire. The policy contemplates exclusion of a watchman " while acting " as such. The insured was not so presently engaged and if there is any ambiguity in this respect it must, of course, be resolved against the insurer.

Plaintiff contends that the building was a church because it was used for religious services approximately once every two weeks when the district chaplain preached to the members of the corps enrolled in the camp; that it was a theatre because it had a stage therein and, at intervals on the average of twice a month, theatrical performances were given and, from time to time, basketball games and boxing matches were held therein, all without any admission fee and for the entertainment of the members of the corps and their guests; and finally, that it was a school because, as part of the camp program, classes were held there from time to time, in which the members of the corps were given instruction in certain handicrafts, including leathercraft, hook rug making and photography. In addition, the building was used for weekly meetings of members of the corps.

Actually, it was a general building which could not more appropriately be designated than it is, namely, a " Recreation Building," adaptable for many temporary uses, but not dominated as to its character by any particular use. The fair import of the language of the policy which, needless to say, contains a very narrow assumption of risk on the part of the defendant, is that it covers a building so dominantly used as to be known and characterized as a " church, theatre, library, school or municipal administration building." This building does not fit into any one of those categories.

Judgment should be directed for defendant, without costs, in accordance with the stipulation.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR JJ.

Upon agreed statement of facts, judgment unanimously directed for defendant, without costs, in accordance with the stipulation.